1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney

2

3

4

5                                                    FILED

6                                                AUG 8 – 2007
                                              RICHARD W. WIEKING
                                          CLERK, U.S. DISTRICT COURT
                                      NORTHERN DISTRICT OF CALIFORNIA
7                                                SAN JOSE

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,        )
                                     )   No.  07CR 00501-01-JF
13            Plaintiff,             )
                                     )
14       v.                          )
                                     )
15                                   )
    RAHMAT ABDHIR,                   )   **MEMORANDUM OF LAW IN**
16        a/k/a Sean Kasem,          )   **SUPPORT OF MOTION OF THE**
          a/k/a Sean Kalimin,        )   **UNITED STATES FOR PRETRIAL**
17        a/k/a Roy Kalimin,         )   **CONFERENCE PURSUANT TO THE**
          a/k/a Salam A. Jabar,  and )   **CLASSIFIED INFORMATION**
18                                   )   **PROCEDURES ACT**
    ZULKIFLI ABDHIR,                 )
19        a/k/a Zulkifli Bin Abdul Hir, )
          a/k/a Hulagu,              )   SAN JOSE VENUE
20        a/k/a Holagu,              )
          a/k/a Lagu,                )
21        a/k/a Marwan,              )
          a/k/a Kulon                )
22        a/k/a Musa Abdul,          )
          a/k/a Musa Abdul Hir,      )
23        a/k/a Zulkifli Abdul Hir,  )
          a/k/a Zulkifli bin Hir,    )
24        a/k/a Abdul Hir bin Zulkifli, )
          a/k/a Abdulhir Bin Hir,    )
25        a/k/a Bin Abdul Hir Zulkifli, )
                                     )
26            Defendants.            )
    _____ )

27

28

**MEMORANDUM OF LAW OF THE UNITED STATES
CONCERNING RELEVANT PROVISIONS OF
THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues involving classified information which may arise before and during trial; and in support of the motion of the United States for a pretrial conference, pursuant to Section 2 of CIPA, to consider such matters.

The United States submits these pleadings at this time because this case involves classified material which may be subject to disclosure in advance of trial under applicable rules, statutes and/or case law. Furthermore, the United States believes that disclosure of this material will raise issues of national security that the Court should address before the material is provided to the defense. Because there are additional materials which now must be reviewed to ensure that the United States fully complies with its discovery and other obligations, the United States respectfully requests that the Court schedule the conference requested herein at a time that will afford the United States an opportunity to complete its review of the materials in question.

I. DEFINITIONS, PRETRIAL CONFERENCE,
   PROTECTIVE ORDERS AND DISCOVERY

A. Definitions of Terms. Section 1 of CIPA defines "classified information" and "national security," both of which are terms used throughout the statute. Subsection (a) defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive Order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. . . ." Subsection (b) defines "national security" as "the national defense and foreign relations of the United States."

B. Pretrial Conference. Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."

2

1    C. Protective Orders. Section 3 of CIPA requires the court, upon the request of the United

2    States, to issue an order "to protect against the disclosure of any classified information disclosed

3    by the United States to any defendant in any criminal case. . . ."

4    D. Discovery of Classified Information by the Defendant. Section 4 provides, in pertinent

5    part, that "[t]he court, upon sufficient showing, may authorize the United States to delete

6    specified items of classified information from documents to be made available to the defendant

7    through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the

8    information for such classified documents, or to substitute a statement admitting the relevant

9    facts that classified information would tend to prove." Like Rule 16(d)(1) of the Federal Rules of

10   Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate, in an in

11   camera, ex parte submission to the Court, that the use of such alternatives is warranted. United

12   States v. Rezaq, 156 F.R.D. 514, (D.C. Cir. 1994); United States v. Yunis, 867 F.2d 617, 622-23

13   (D.C. Cir. 1989); see also United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) (ex parte

14   proceedings under CIPA concerning national security information appropriate where "the

15   government is seeking to withhold classified information from the defendant and an adversary

16   hearing with defense knowledge would defeat the purpose of the discovery rules.").

17       The legislative history of Section 4 makes clear that the Court may take national security

18   interests into account in determining whether to permit discovery to be denied, restricted or

19   deferred.[1]

20   II.  SECTION 5 AND 6 OF CIPA; NOTICE
         AND PRETRIAL EVIDENTIARY RULINGS

21

22       There are three critical pretrial steps in the handling of classified information under Sections

23   5 and 6 of CIPA. First, the defendant must specify in detail the precise classified information he

24   reasonably expects to disclose. Second, the Court, upon motion of the United States, shall hold a

25   hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed

26   evidence. Third, following the Section 6(a) hearing and formal findings of admissibility by the

27   _____

28       [1]  S. Rep. No. 96-823, 96th Cong., 2d Sess. 6 (1980), reprinted in 1980 U.S. Code Cong.
     & Ad. News at 4300.

                                    3

1   Court, the United States may move to substitute an admission of relevant facts or summaries for
2   classified information that the Court rules is admissible.

3       A. The Section 5(a) Notice Requirement. The linchpin of CIPA is Section 5(a), which
4   requires a defendant who intends to disclose (or cause the disclosure of) classified information to
5   provide timely pretrial written notice of his intention to the court and the United States. Section
6   5(a) expressly requires that such notice "include a brief description of the classified information,"
7   and the leading case under Section 5(a) holds that such notice "must be particularized, setting
8   forth specifically the classified information which the defendant reasonably believes to be
9   necessary to his defense." United States v. Collins, 720 F.2d 1195, 1199 (11th Cir. 1983)
10  (emphasis added); see also United States v. Yunis, 867 F.2d at 623 ("a defendant seeking
11  classified information . . . is entitled only to information that is at least 'helpful to the defense of
12  [the] accused.'"); United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985)(en banc). This
13  requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to
14  be brought out on direct or cross-examination. See, e.g., United States v. Wilson, 750 F.2d 7 (2d
15  Cir. 1984), cert. denied, 479 U.S. 839 (1986); United States v. Collins, 720 F.2d 1195 (11th Cir.
16  1983).

17      If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to
18  permit the implementation of CIPA procedures, Section 5(b) allows the Court to preclude
19  disclosure of the classified information. Similarly, if the defendant attempts to disclose at trial
20  classified information which is not described in his Section 5(a) notice, preclusion is the
21  appropriate remedy under Section 5(b) of CIPA. See United States v. Smith, 780 F.2d at 1105
22  ("A defendant is forbidden from disclosing any such information absent the giving of notice.");
23  see generally United States v. North, 708 F. Supp. 389 (D.D.C. 1988).

24      B. The Section 6(a) Hearing. The purpose of the hearing pursuant to Section 6(a) of CIPA is
25  "to make all determinations concerning the use, relevance, or admissibility of classified
26  information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C.
27  App. III, § 6(a). The statute expressly provides that if the motion of the United States under
28  Section 6(a) is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the

4

1  use, relevance, or admissibility of the classified information at issue] prior to the commencement

2  of the relevant proceeding." Id. (emphasis added).

3        Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the

4  United States must notify the defendant of the hearing and identify the classified information

5  which will be at issue.  If the information was not previously made available to the defendant, the

6  United States may, with the Court's approval, provide a generic description of the material to the

7  defendant.  Thus, as Congress recognized in enacting CIPA, "the Government would not have to

8  disclose the identity of an undercover intelligence agent not previously disclosed to the

9  defendant; instead, the Government would describe the information as 'the identity of an

10  undercover intelligence agent' if this meets with court approval."[2]

11        At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel,

12  and then rules whether the classified information identified by the defense is relevant under Rule

13  401 of the Federal Rules of Evidence.  United States v. Smith, 780 F.2d at 1106; see generally

14  United States v. Yunis, 867 F.2d at 622.[3]  The Court's inquiry does not end there, however, for

15  under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at

16  trial."  Id.  The Court must also determine whether the evidence is cumulative, "prejudicial,

17  confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of

18  Evidence.  United States v. Wilson, 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing,

19  the Court must state in writing the reasons for its determination as to each item of classified

20  information.

21  / / /

22  / / /

23

24  _____

25        [2]  1980 U.S. Code Cong. & Ad. News at 4301.

26        [3]  CIPA does not change the "generally applicable evidentiary rules of admissibility."
27  United States v. Wilson, 750 F.2d at 9; accord United States v. Yunis, 867 F.2d at 623.  Rather,
   CIPA alters the timing of rulings concerning admissibility, so as to require them to be made
28  before trial.  United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); accord United
   States v. Smith, 780 F.2d at 1106.

Case 5:07-cr-00501-JF    Document 10    Filed 08/08/2007    Page 6 of 9

C. <u>Substitution Pursuant to Section 6(c)</u>. In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of "substituting" information for the classified information at issue, pursuant to Section 6(c) of CIPA. The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute summary of the classified information that would otherwise be disclosable. <u>See</u> <u>United States</u> v <u>Smith</u>, 780 F.2d at 1105. The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure." <u>United States</u> v. <u>North</u>, 910 F.2d 843, 899 (D.C. Cir. 1990).

III. OTHER RELEVANT CIPA PROCEDURES

A. <u>Interlocutory Appeal</u>. Section 7(a) of CIPA provides for an interlocutory appeal by the United States from any decision or order of the trial judge "authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information." The term "disclosure" relates both to information which the court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public. Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeal filed under subsection (a).

B. <u>Introduction of Classified Information</u>. In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph. Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised. Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If the defendant knew that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice

1    under Section 5 of the Act and Section 8(c), in effect, serves as a supplement to the Section 6(a)

2    procedures, addressing circumstances that might not have been anticipated in advance of the

3    taking of testimony.  Thus, upon objection of the United States to a defense question or line of

4    inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the

5    improper disclosure of classified information by a witness.

6        Security Procedures.  Section 9 of CIPA required the Chief Justice of the United

7    States to prescribe security procedures for the protection of classified information in the custody

8    of federal courts.  On February 12, 1981, Chief Justice Burger promulgated these procedures.

9    IV.    POSSIBLE EXISTENCE OF CLASSIFIED MATERIAL

10        In the instant case, classified material may exist that could be subject to disclosure in advance

11    of trial under applicable rules, statutes and/or case law.  The disclosure of such material would

12    raise issues of national security that the Court should address before the material is provided to

13    the defense.  Pursuant to Section 2 of CIPA, the United States respectfully requests that the Court

14    schedule a pretrial conference to establish a discovery and motion schedule relating to any

15    classified information.

16                            **ARGUMENT**

17        As set forth above, under Section 2 of CIPA, any party may move for a pretrial

18    conference to "consider matters relating to classified information that may arise in connection

19    with the prosecution."  18 U.S.C. App. 3, § 2.  Once such a motion is filed, the Court "shall

20    promptly hold a pretrial conference..."  Id.  At the conference, the Court should "establish the

21    timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the

22    initiation of the procedure established by Section 6 of [CIPA]."  Id.

23        The government respectfully requests that the conference be scheduled approximately one

24    month from the date of submission of this motion.  During that month, the government will

25    review all possible classified material to determine its potential applicability, nature and volume.

26    ///

27    ///

28    ///

1    At the Section 2 pretrial conference, the government will provide an estimate of the time

2 necessary to conduct a complete review of any potentially relevant classified information.[4]

3 Based on that estimate, the government will request a schedule for the filing of motions, pursuant

4 to Sections 3 and 4 of CIPA, relating to the deletion, substitution and/or disclosure pursuant to

5 protective order of classified information otherwise subject to discovery under the Federal Rules

6 of Criminal Procedure. Id. at § 4.

7    Finally, pursuant to Section 4 of CIPA, the government will request that the Court

8 authorize an in camera, ex parte submission regarding classified materials that the government

9 believes should be subject to deletion, substitution or disclosure pursuant to protective order. Id.

10 Courts have consistently held that in camera, ex parte submissions to a district court in matters

11 involving national security are proper. See, e.g., United States v. Mejia, 448 F.3d 436, 455 (D.C.

12 Cir. 2006); United State v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003); Pringle, 751 F.2d at 427.

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ——————————

26    [4] Because of the classified nature of any such information, the government will not be
27 able to describe the nature of the information in open court. Should the Court wish a submission regarding the nature of the information, the government would request authorization to convey
28 that information ex parte and in camera, either orally at a sealed conference or through a sealed letter.

8

1

## CONCLUSION

2          For the foregoing reasons, the government respectfully requests that the Court

3   schedule a pretrial conference, approximately one month from the date of the next hearing date,

4   currently scheduled for August 29, 2007 at 9:00 a.m., to establish a discovery and motion

5   schedule relating to any classified information, pursuant to Section 2 of CIPA.

6                                              Respectfully submitted,

7

8                                              SCOTT N. SCHOOLS
                                               UNITED STATES ATTORNEY
9                                              NORTHERN DISTRICT OF CALIFORNIA

10

11   Dated: *August 7, 2007*              By: *Joanna Baltes*
                                               Jonathon Schmidt
12                                             Tracie Brown
                                               Assistant U.S. Attorney
13                                             John Gibbs
                                               Joanna Baltes
14                                             DOJ Trial Attorneys

15

16

17

18

19

20

21

22

23

24

25

26

27

28