BARRY J. PORTMAN
Federal Public Defender
NICHOLAS P. HUMY
CYNTHIA LIE
Assistant Federal Public Defenders
160 West Santa Clara Street, Suite 575
San Jose, CA  95113
Telephone:  (408) 291-7753

Counsel for Defendant ABD HIR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-00501 JF (RS) |
| Plaintiff, | DEFENDANT'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY RE: MATERIAL WITNESSES; POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| RAHMAT ABD HIR, | |
| Defendant. | **HON. RICHARD SEEBORG** |

TO:   ASSISTANT UNITED STATES ATTORNEYS JONATHAN SCHMIDT AND TRACIE BROWN, DOJ TRIAL ATTORNEYS JOHN GIBBS AND JOANNA BALTES, AND THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that on Thursday, August 30, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Richard Seeborg, defendant Rahmat Abd Hir, by and through counsel, shall move this Court for an order compelling the government to provide expedited discovery concerning the statements of potential material witnesses Faizal Ab Halim and Abdulkawi Ahmed Hamed.

This motion shall be made on the grounds that Mr. Abd Hir needs the witness statements

Motion for Expedited Discovery                               1

1  to determine whether to request that the witnesses be detained as material witnesses pursuant to
2  Title 18 U.S.C. § 3144.  The witnesses' designation as material witnesses would be sought on the
3  ground that their deportation would violate Mr. Abd Hir's Fifth Amendment right to due process
4  and Sixth Amendment right to compulsory process.
5        This motion shall be based upon this notice of motion and motion, the memorandum of
6  points and authorities in support thereof, the declaration of counsel, the case file and record, and
7  such argument and evidence as may be presented at the hearing on this matter.
8        A motion for an order shortening time accompanies this motion.

### POINTS AND AUTHORITIES

10        Rahmat Abd Hir is accused of providing material support to terrorists, contributing goods
11 and services to a specially designated global terrorist, and make false statements.  Prior to Mr.
12 Abd Hir's arrest, the government had been investigating him for at least two years.  During that
13 time, the government repeatedly interviewed two of Mr. Abd Hir's roommates, Faizal Ab Halim
14 and Abdulkawi Ahmed Hamed.  See Declaration of Nicholas P. Humy in Support of Defendant's
15 Motion for Expedited Discovery re: Material Witnesses ("Humy Decl.") at ¶ 3.  The government
16 has now arrested those roommates and initiated deportation proceedings against them.  See id. at
17 ¶ 2.
18       The defense is extremely concerned that these individuals will be deported before the
19 defense has an opportunity to secure their testimony for trial.  Indeed, both witnesses are
20 reportedly due to appear at an immigration hearing on Tuesday, September 4, 2007.  See id. at ¶
21 7. To the extent that these witnesses have information that supports Mr. Abd Hir's defense, their
22 deportation would deprive him of his constitutional right to present evidence in his favor and his
23 constitutional right to compulsory process.  See California v. Trombetta, 467 U.S. 479, 485
24 (1984) (fundamental fairness requires "that criminal defendants be afford a meaningful
25 opportunity to present a complete defense").
26       In response to the defense's request that the government suspend the deportation

Motion for Expedited Discovery        2

proceedings, at least temporarily, the government has indicated that it lacks the authority to do so. See id. at ¶ 6. It appears, therefore, that the only way for the defense to secure the witnesses' testimony would be to move to have them detained as material witnesses, pursuant to Title 18 U.S.C. § 3144. Section 3144 provides:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144.[1] As the plain language of § 3144 indicates, "[e]ither party, upon the requisite showing, can effectuate the detention of a material witness pending trial." Aguilar-Ayala, 973 F.2d at 419. To do so, however, the party seeking detention must file an affidavit demonstrating that the witnesses' testimony is material. The defense has made diligent efforts to determine whether Faizal Ab Halim and Abdulkawi Ahmed Hamed are material witnesses. The defense has asked the government to disclose where these witnesses are being detained, to enable the defense to interview them. See id. at ¶ 5. As noted above, the defense has asked the government to suspend deportation proceedings for a reasonable amount of time. See id. at ¶ 6. The defense has requested that the government produce the reports of the government's interviews of these witnesses. See id. at ¶ 4. None of these efforts has met with success.

If the government would disclose its interview reports, the defense would be in a far better position to assess whether these witnesses are, in fact, material. This Court has the authority to order such disclosure. Even assuming that Rule 16 does not require production at

---

[1] The defense is not yet in a position to assess whether depositions would be sufficient substitutes for live testimony in this case, but notes that the courts have "recognize[d] that a 'failure of justice' is more likely to ensure when the criminal defendant, as opposed to the government, is denied the guarantee of having the witness present at trial." Aguilar-Ayala v. Ruiz, 973 F.2d 411, 419 (5th Cir. 1992).

Motion for Expedited Discovery                 3

1 this stage, Rule 16 and other federal rules addressing discovery "are not exclusive and do not
2 supplant a district court's inherent authority to order discovery outside the rules." <u>United States</u>
3 <u>v. Beckford</u>, 962 F. Supp. 748, 755 (E.D. Va. 1997).

> [T]he Court is not confined solely to the discovery techniques and parameters laid out in the Federal Criminal Rules.  Prior to the first promulgation of the Criminal Rules in 1946, federal criminal procedure in the District Courts grew out of the inherent power of the Courts to develop their own procedure.  The Federal Rules of Criminal Procedure were not designed to and do not entirely supplant this fundamental authority and residual power of the Court.  It has long been held that the Federal Courts possess the inherent power to order discovery and inspection.

<u>United States v. Bender</u>, 331 F. Supp. 1074, 1075 (C.D. Cal. 1971) (citing <u>Peek v. United States</u>, 321 F.2d 934, 942 (9th Cir. 1963)).  <u>Bender</u>'s interpretation of the Rules was confirmed in 1974, when the advisory committee stated that Rule 16 "is intended to prescribe the minimum amount of discovery to which the parties are entitled.  It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." Fed. R. Crim. P. 16 advisory committee's note (1974 amendment).

Furthermore, "the Federal Rules of Criminal Procedure themselves explicitly recognize that the rules cannot cover every situation which may arise during the course of criminal cases.  That is why Rule 57(b) provides that where no law or rule is directly applicable, '[a] judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district.'" <u>Beckford</u>, 962 F. Supp. at 756 (quoting Fed. R. Crim. P. 57(b)).

In the present case, waiting for discovery in ordinary course of litigation is inadequate.  Deportation proceedings are in progress and a hearing will be held next week.  Without the production of the interview reports, the defense will be unable to determine whether to detain these individuals as material witnesses.  This inability, in turn, could deprive Mr. Abd Hir of his constitutional rights to due process and compulsory process.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that the government be ordered to produce all interview reports concerning Faizal Ab Halim and Abdulkawi Ahmed Hamed, no

1  later than the close of business on Friday, August 31.

Dated:  August 24, 2007

>Respectfully submitted,
>
>BARRY J. PORTMAN
>Federal Public Defender
>
>
>_____/s/_____
>NICHOLAS P. HUMY
>Assistant Federal Public Defender