BARRY J. PORTMAN
Federal Public Defender
NICHOLAS P. HUMY
CYNTHIA LIE
Assistant Federal Public Defenders
160 West Santa Clara Street, Suite 575
San Jose, CA 95113
Telephone: (408) 291-7753

Counsel for Defendant ABD HIR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-07-00501 JF |
|---|---|---|
| Plaintiff, | ) | DEFENDANT'S SUPPLEMENTAL BRIEFING RE: PRETRIAL DETENTION |
| vs. | ) | |
| RAHMAT ABD HIR, | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Pursuant to the Court's September 18, 2007 Order re Pretrial Detention, defendant Rahmat Abd Hir respectfully submits this supplemental memorandum setting forth a proposed combination of conditions of release designed to address the specific ways in which the Court believes that Mr. Abd Hir poses a danger to the community outside of the Northern District of California. The defense has discussed these proposed conditions with Pretrial Services, which has indicated that it would be able to implement and enforce these conditions without resorting to the kind of heroic efforts that Justice Breyer cautioned against in Tortora.

Defendant's Supplemental Briefing re: Pretrial
Detention                                                                          1

## DISCUSSION

In its Order re: Pretrial Release ("Order"), the Court found by clear and convincing evidence that Mr. Abd Hir poses a danger to the community outside the Northern District of California. The Court recognized, however, that even if a defendant is found to be a danger, detention is not appropriate unless no condition or combination of conditions will reasonably assure the safety of the community. The defense respectfully submits that any danger posed by Mr. Abd Hir's release can be readily addressed through the imposition of carefully tailored conditions.

Initially, it is worth noting the extent to which this Court has concluded that Mr. Abd Hir does *not* pose a danger. The Court found that there is no evidence that Mr. Abd Hir "has threatened or poses a danger to any specific individual," see Order at 7:3-4; no evidence that Mr. Abd Hir has "any history of violent conduct," see id.; and no evidence that Mr. Abd Hir has "attended or participated in terrorist training or engaged in terrorist activities," see id. at 8:26-28. Rather, the Court concluded that Mr. Abd Hir's potential for danger "lies not in any propensity to harm others by his own hand but in his demonstrated willingness to send money and material support [to] others who do so." See id. at 9:3-5.

The defense respectfully submits that Mr. Abd Hir's willingness to support terrorists is more aptly characterized as a willingness to support the activities of one individual: his brother Zulkifli. While there is no dispute that the government has designated Zulkifli as a terrorist and no dispute that Mr. Abd Hir was aware of the government's opinion of Zulkifli's activities, the government has yet to come forward with evidence showing that Mr. Abd Hir believed that his brother is a high-ranking member of Jemaah Islamiya or that Mr. Abd Hir espouses the beliefs held by that organization. There is no evidence that Mr. Abd Hir believed any of his brother's actions were directed against civilians. Aside from forwarding an article to Zulkifli which reports the government's designation of Zulkifli as a member of J.I., Mr. Abd Hir does not appear to have ever discussed J.I. with his brother. Nor is there any indication that the support

1  Mr. Abd Hir is accused of providing to his brother had any relationship to J.I. Indeed, all three of
2  the bombings the government has identified as underlying the material support charges occurred
3  as part of the ongoing conflict between the MILF and the Philippine government. The defense
4  has been provided no evidence that Zulkifli personally perpetrated these bombings. To the extent
5  that Mr. Abd Hir can be said to have provided support to violent activities, it seems clear that
6  these activities did not involve J.I. even peripherally.

7  Even if there were evidence that Mr. Abd Hir intended to support J.I., the Court could
8  still fashion an appropriate release order. In its Order, the Court notes that the most analogous
9  published decision is United States v. Goba, 240 F. Supp. 2d 242 (W.D.N.Y. 2003), but that
10 there are important differences, perhaps the most significant being that those defendants were
11 accused of having personally received training at an Al-Qaeda camp in Afghanistan. Another
12 analogous, albeit unpublished, case is United States v. Holy Land Foundation for Relief and
13 Development, No. 3:04-CR-240-G (N.D. Tex.). In that case, the defendants were accused of,
14 among other things, conspiring to provide and providing material support to a foreign terrorist
15 organization (Hamas), in violation of 18 U.S.C. § 2339B(a)(1); and conspiring to provide and
16 providing funds, goods and services to a Specially Designated Terrorist, in violation of 50 U.S.C.
17 §§ 17001-1706. See Declaration of Varell Fuller (Fuller Decl.) at ¶ 3. Despite the seriousness of
18 these charges, the magistrate judge set conditions of release for five of the individual defendants,[1]
19 and the district court judge denied the government's motion to reconsider. See id. at ¶ 4. Like
20 the Goba case, the Holy Land case is an imperfect analogy. Although the charges brought in
21 Holy Land are comparable to the charges brought against Mr. Abd Hir, the government sought
22 detention of the Holy Land defendants only as flight risks, not as dangers to the community.[2]

---

24 [1]The two remaining defendants are fugitives who have not yet been arraigned. See Fuller Decl. at ¶ 5.

26 [2]It is not clear why the government in Holy Land did not seek detention on dangerousness grounds, but one possible explanation is that, at the time, these charges did not trigger the

Defendant's Supplemental Briefing re: Pretrial
Detention                                    3

Nonetheless, Holy Land does provide an example of a post-9/11 case in which defendants accused of supporting a terrorist organization devoted to violent Jihad were released prior to trial.

After reviewing the Court's Order in this case, defense counsel consulted with Pretrial Services concerning appropriate release conditions for Mr. Abd Hir. In so doing, the defense was mindful of the admonition in Tortora, that the conditions proposed must be reasonably possible to implement and reasonably likely to be effective. Pretrial Services Officer-in-Charge Jaime Carranza has confirmed that Pretrial Services has the resources and ability to implement the following proposed conditions. See Declaration of Nicholas Humy at ¶ 3.

**PROPOSED SPECIAL CONDITIONS**

1. Mr. Abd Hir shall not possess any firearms or ammunition. To the extent that these items have not already been seized by the government, Mr. Abd Hir shall surrender them to the government, pending the resolution of this case.

2. Mr. Abd Hir shall not communicate with Zulkifli Abd Hir or anyone else in the Philippines, without prior permission of Pretrial Services. Upon request of Pretrial Services, Mr. Abd Hir shall provide a copy of his monthly telephone bill.

3. Mr. Abd Hir shall not communicate with any individual who has been specially designated by the United States government as a global terrorist.

4. Mr. Abd Hir shall be monitored via global positioning satellite.

5. Mr. Abd Hir shall use the Internet at work only for work-related purposes. He shall not use the Internet at home or anywhere outside of work for any purpose.

6. Mr. Abd Hir shall report to Pretrial Services, in person, once a week.

7. To the extent that Mr. Abd Hir's accounts have not already been frozen by the government, Mr. Abd Hir shall not send any money overseas without prior permission of Pretrial Services.

---

rebuttable presumption of dangerousness. See 18 U.S.C. § 3142(e) & (f)(1) (2004).

8.  Mr. Abd Hir shall not send any packages to anyone overseas without prior permission of Pretrial Services.  All mail sent by Mr. Abd Hir, whether within or outside of the United States, shall bear his true name and return address.

9.  To the extent that such documents have not been seized by the government, Mr. Abd Hir shall surrender any passports and travel documents to Pretrial Services.

## CONCLUSION

For the reasons set forth above, and those previously presented to this Court, defendant Rahmat Abd Hir respectfully requests that this Court enter an order setting appropriate conditions of release.

Dated: 09/25/07

    Respectfully submitted,

    BARRY J. PORTMAN
    Federal Public Defender

    _____/s/_____
    NICHOLAS P. HUMY
    Assistant Federal Public Defender