

FILED
OCT 23 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>RAHMAT ABDHIR et al<br><br>　　　Defendants. | No. CR-07-00501-JF (RS)<br><br>**PROTECTIVE ORDER RE:<br>DISCOVERY MATERIALS**<br><br>SAN JOSE VENUE |

## ORDER

WHEREAS, the parties stipulate that the government believes in good faith that it has a compelling interest in preventing certain sensitive but unclassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; and that such material may include information relevant to ongoing national security investigations and prosecutions; information provided to the United States by foreign law enforcement, some of which may have led to prosecutions in other countries that are sensitive to pre-trial publicity; and materials implicating the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further stipulate that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1) general discovery materials,[1] and (2) sensitive discovery materials.[2] Due to the large volume of sensitive discovery material in this case, the government will provide the discovery in searchable electronic media format. The discs provided to the defense will be marked "sensitive". If any sensitive discovery material is provided in hard copy format, the Government shall clearly mark the material as "sensitive". All discovery materials will be delivered under cover letter clearly delineating the classification. Any material already produced to the Defense are classified as general discovery materials.

IT IS FURTHER ORDERED that "general discovery materials" shall be handled pursuant to the Local Rules of Criminal Procedure and the applicable Rules of Professional Responsibility. The parties acknowledge the compelling interest in ensuring that material related to this national security investigation and prosecution that is being produced by the government to the defense shall be used by the defense, solely for the effective representation of the defendant. The parties further acknowledge that reciprocal discovery material produced by the defense to the government shall be used by the government solely for the purpose of preparing its prosecution in this case, except that the government may, for good cause, seek leave of the Court to use such materials in other national security investigations.

---

[1] The category of general discovery materials includes, but is not limited to: post-arrest statement of Defendant, items of physical evidence seized at the time of Defendant's arrest, immigration interviews and post-arrest interviews of Abdulkawi Ahmed Hamed and Faizal Bin Ab Halim, bank records, wire transfers, and photographs, some of which has already been turned over to the Defense.

[2] The category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

IT IS FURTHER ORDERED that "sensitive discovery materials" shall not be further disseminated[3] by the defendant or his counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (attorneys, co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. It is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such sensitive discovery materials to witnesses or potential witnesses. The defendant may seek relief from these provisions as to a particular item or items of discovery by application to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The application shall be under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense and giving the defense the opportunity to withdraw its application to disseminate the particular item(s) to the particular witness(es), may consult with the Government regarding any dissemination requests pursuant to this paragraph. The Government will be required to provide a copy of the protective order to any expert witness or non-government witness in the event that sensitive discovery materials are disclosed;

IT IS FURTHER ORDERED that all sensitive discovery material is to be returned to the Government at the conclusion of the case, including any related appeal, petition for writ of certiorari, petitions for write of habeas corpus and/or other collateral challenge;

IT IS FURTHER ORDERED that all declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government. Defense counsel will return the FISA Information, and all copies

---

[3] Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom, except during the course of a judicial proceeding or written submission to the Court.

thereof, to the Government at the conclusion of the case. Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order. Because the sensitive discovery materials will be provided via electronic media, Defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission.";

IT IS FURTHER ORDERED that all such sensitive discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

IT IS FURTHER ORDERED, consistent with Local Rules of Criminal Procedure for the Northern District of California, that no party shall make, or participate in the making of, any extrajudicial disclosure of sensitive discovery materials for dissemination by means of communication to the media or members of the public, other than witnesses, experts and consultants necessary to the preparation of the defense or government case;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which include sensitive discovery materials or refer to the contents of sensitive discovery materials shall be filed under seal;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all discovery materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

SO ORDERED this 23rd day of October 2007, at San Jose, California.

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE