FILED

NOV 1 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CABN 184339)
JONATHAN D. SCHMIDT (CABN 230646)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436–6767
JOHN GIBBS (VABN 40380)
JOANNA BALTES (CABN 205061)
DOJ Trial Attorneys
    950 Pennsylvania Avenue, Suite 2714
    Washington, D.C. 20530
    Telephone: (202) 353-3469
              (202) 307-6326

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAHMAT ABDHIR et al<br><br>    Defendants. | No. CR-07-00501-JF (HRL)<br><br>[PROPOSED] PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>SAN JOSE VENUE |

This action is before the Court on the Government's First Classified *In Camera, Ex Parte* Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, supporting memorandum and accompanying exhibits (hereinafter, the "Submission"), filed with the Court Security Officer or her designee on November 9, 2007.

1   After *in camera, ex parte* inspection and consideration of the Submission, the Court finds,
2   pursuant to Section 4 of CIPA and Rule 16(d)(1), that the Government's Submission contains
3   classified information that requires protection against unauthorized disclosure for reasons of national
4   security. Specifically, the Court finds that disclosure of the Classified documents to the defense, or
5   to the public, reasonably could be expected to cause serious damage to national security.

6   The First Amendment right of access to court documents may be curtailed in favor of a
7   compelling governmental interest provided that the limitation on access if "narrowly tailored to serve
8   that interest." GlovB Newspaper Co. v. Superior Ct., 457 U.S. 596, 606-607, (1982); see also, Press-
9   Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984)("The presumption of openness may be
10  overcome only by an overriding interest based on findings that closure is essential to preserve higher
11  values and is narrowly tailored to serve that interest."); Nixon v. Warner Communication Inc., 435
12  U.S. 589, 598 (1978) (common law right of access may be outweighed by an important competing
13  interest). The Court finds that the Government's interest in protecting the national security and
14  preventing the unnecessary dissemination of classified information outweighs the defendant's and/or
15  the public's right of access to these materials. See, Haig v. Agee, 453 U.S. 280, 307 (1981)("[N]o
16  governmental interest is more compelling than the security of the Nation."); Snepp v. United States,
17  444 U.S. 507, 509 n.3 (1980)("The Government has a compelling interest in protecting both the
18  secrecy of information important to our national security and the appearance of confidentiality so
19  essential to the effective operation of our foreign intelligence service.").

20  The Court further finds that the Government's Submission is so interrelated with classified
21  information, as to make impracticable the filing of meaningful redacted materials that do not divulge
22  classified information. No less reasonable alternative to closure and sealing will protect the
23  Government's interest in preventing the unauthorized dissemination of this information, and this
24  sealing order is drawn as narrowly as possible under the circumstances. The Government, in its
25  motion and Submission, seeks a protective order against disclosure of certain classified information
26  to the defense because that information is not discoverable under applicable law. Disclosure of the
27  motion or accompanying materials to the defense or the public would defeat the Government's
28  purpose in seeking a protective order.

Therefore, IT IS HEREBY ORDERED, that the Government's Submission may be filed *ex parte* for *in camera* consideration and shall be sealed and maintained in a facility appropriate for the storage of classified information at the identified level by the Court Security Officer as the designee of the Clerk of the Court, in accordance with established security procedures, until further order of this Court.

After *ex parte*, *in camera* inspection and consideration of the Submission,

IT IS HEREBY ORDERED THAT the Government's motion is GRANTED pursuant to Section 4 of CIPA and Rule 16(d)(1).

The Court finds that the classified information sought to be protected is either not discoverable under <u>Brady v. Maryland</u>, 373 U.S. 1194 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; or that such discovery value is outweighed by the potential danger to national security that might ensue after disclosure.

IT IS HEREBY ORDERED that the Government need not disclose to the defense the classified materials described in Parts V-VI of the Submission.

IT IS SO ORDERED, this 15th day of November, 2007.

_____
HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT