BARRY J. PORTMAN
Federal Public Defender
NICHOLAS P. HUMY
CYNTHIA C. LIE
Assistant Federal Public Defenders
160 West Santa Clara Street, Suite 575
San Jose, CA  95113
Telephone:  (408) 291-7753

Counsel for Defendant ABD HIR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-00501 JF |
| Plaintiff, | MOTION FOR CLARIFICATION OF PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 26(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| vs. | |
| RAHMAT ABD HIR, | |
| Defendant. | |

**INTRODUCTION**

On November 15, 2007, the Court filed a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("Order").  The Order was entered in response to a government motion, the contents of which have not been disclosed to the defense, entitled Government's First *In Camera Ex Parte* Under Seal Motion for Protective Order Pursuant to Section 4 of the Classified Information

Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure.[1] The Order grants the government's request that it not be required to disclose classified materials described in Parts V-VI of the government's under seal motion. The purpose of the instant motion is to respectfully request clarification of various aspects of the Order.

## REQUESTS FOR CLARIFICATION

**1.    The Defense Requests a General Description of the Items that are Protected Under the Order**

The defense recognizes the importance of protecting classified information from improper disclosure. Nonetheless, the defense believes that a general description could be provided that would not jeopardize the confidential nature of these items. The defense is unable to determine from the Order either the quantity or general nature of the items it concerns. The defense does not know if the government submitted one item or 1000; nor is there any way to discern if the items are interviews, intercepted communications, documents, or physical evidence. The defense respectfully submits that this information could be provided without risking improper disclosure of classified information. In particular, nothing about the classified nature of the items would be revealed merely by informing the defense how many such items have been submitted to the Court. Beyond that, the defense believes that an inventory could be produced, subject to the terms of the stipulated protective order into which the parties have already entered. Such an inventory could be analogous to the sort of privilege logs that are routinely created in civil cases.

**2.    The Defense Requests Clarification of the Basis for Nondisclosure**

The Order is phrased in the alternative. It provides that "the classified information sought to be protected is *either* not discoverable under Brady v. Maryland, 373 U.S. 1194 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the progeny, or Federal Rule of Criminal Procedure 16; *or* that such discovery value is outweighed by the potential danger to national security that

---

[1] Only the cover page of the government's motion has been made public.

Motion for Clarification                      2

might ensure after disclosure." See Order at 3:9-12 (emphasis added).  The defense is unable to determine whether, for any given item, the Court has concluded that the item is not discoverable, or has concluded that the item is discoverable, but that the defendant's right to discovery is outweighed by national security concerns.  The defense respectfully submits that identifying the basis for the Court's decision would not pose any danger of disclosure of classified information.

**3. The Defense Requests Clarification of Whether Individual Members of the Defense Team Will be Permitted to View the Classified Materials Once They Have Received Security Clearance**

Three members of the defense team (the two Assistant Federal Public Defenders and the Research Attorney assigned to this case) have submitted applications for national security clearance to the Department of Justice Litigation Security Section.  Those applications are pending.  The Order does not address the question whether, if these attorneys are granted security clearance, they will then be permitted to view the classified materials that are protected by this Order.  To the extent that this issue was not presented to the Court by the government's motion, the defense respectfully requests that the Court consider this question when and if the security clearances are granted.

## CONCLUSION

The defense's requests will clarify the Order and help ensure the defendant's rights without compromising the confidentiality of any classified materials.  For these reasons, it is respectfully requested that the Court provide clarification of its Order as requested above.

Dated:  November 19, 2007

                                              Respectfully submitted,

                                              BARRY J. PORTMAN
                                              Federal Public Defender

                                              _____/s/_____
                                              NICHOLAS P. HUMY
                                              Assistant Federal Public Defender